Judge: Christopher M. Alston
Chapter: 13
Hearing Date: December 11, 2024
Hearing Time: 9:30 AM
Hearing Location:
    Judge Alston's Courtroom
    700 Stewart St #7206
    Seattle, WA 98101

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

JAMES WESLEY KING, JR,

    Debtor.

IN CHAPTER 13 PROCEEDING
No. 17-13311-CMA

SUPPLEMENT TO TRUSTEE'S MOTION TO DISMISS AND THE COURT'S LETTER RE: CONTINUANCE

Jason Wilson-Aguilar, Chapter 13 Trustee, files this supplemental pleading regarding his Motion to Dismiss Case (ECF No. 104) and the Court's November 7, 2024 letter (ECF No. 106):

## I. Background

The Trustee expressed concerns regarding the actions and inaction of the mortgage servicer regarding the rental property at 9704-9706 121st Street Southwest, Lakewood, Washington (ECF Claim No. 5). *See* Trustee's Motion to Dismiss Case (ECF No. 104; § II.).

## II. Timeline

The timeline of events may be helpful in reviewing the situation:

| Date | Event / Action |
|---|---|
| July 27, 2017 | The debtor filed this Chapter 13 case. |
| October 11, 2017 | The mortgage servicer filed its proof of claim reflecting an ongoing monthly mortgage payment of $1,263.16. |
| December 14, 2017 | The mortgage servicer filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges for $650.00. |
| March 10, 2018 | The Court confirmed the debtor's plan (ECF No. 56) providing for cure and maintenance of the rental mortgage obligation. |

SUPPLEMENT TO TRUSTEE'S MOTION
TO DISMISS CASE AND THE COURT'S
LETTER RE: CONTINUANCE - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

May 3, 2018 The mortgage servicer filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges for $501.88.

August 20, 2019 The mortgage servicer filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges for $204.00.

September 14, 2020 The mortgage servicer filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges for $204.00.

August 19, 2021 The mortgage servicer filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges for $300.00.

April 4, 2022 The Court approved the debtor's modified plan (ECF No. 81) providing for cure and maintenance of the rental mortgage obligation.

June 5, 2018 The mortgage servicer filed a Notice of Mortgage Payment Change that provided that the monthly ongoing mortgage payment decreased from $1,263.16 to $1,262.99 effective July 1, 2018. The mortgage servicer indicated that the latter amount included a monthly escrow component of $462.56.

June 3, 2019 The mortgage servicer filed a Notice of Mortgage Payment Change that provided that the monthly ongoing mortgage payment decreased from $1,262.99 to $1,231.53 effective July 1, 2019. The mortgage servicer indicated that the latter amount included a monthly escrow component of $431.10.

June 1, 2020 The mortgage servicer filed a Notice of Mortgage Payment Change that provided that the monthly ongoing mortgage payment increased from $1,231.53 to $1,334.46 effective July 1, 2020. The mortgage servicer indicated that the latter amount included a monthly escrow component of $534.03.

June 2, 2021 The mortgage servicer filed a Notice of Mortgage Payment Change that provided that the monthly ongoing mortgage payment decreased from $1,334.46 to $1,249.26 effective August 1, 2021. The mortgage servicer indicated that the latter amount included a monthly escrow component of $448.83.

June 23, 2021 The mortgage servicer filed a Notice of Mortgage Payment Change that provided that the monthly ongoing mortgage payment increased from $1,249.26 to $1,431.84 effective September 1, 2021. The mortgage servicer indicated that the latter amount included a monthly escrow component of $631.41.

October 26, 2022 The mortgage servicer made a $21,125.31 payment to Pierce County, Washington for what the servicer referred to as "Demolition Lien Principal." This was apparently to pay off a lien placed on the property from a Notice and Order of Abatement of a Public Nuisance recorded in Pierce Conty, Washington on March 2, 2021 as Document No. 2021103020127.

SUPPLEMENT TO TRUSTEE'S MOTION
TO DISMISS CASE AND THE COURT'S
LETTER RE: CONTINUANCE - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 17-13311-CMA    Doc 107    Filed 11/13/24    Ent. 11/13/24 14:50:44    Pg. 2 of 5

July 13, 2023    The debtor's counsel moved to withdraw from representation of the debtor (ECF No. 91).

August 22, 2023    The Court allowed debtor's counsel to withdraw (ECF No. 99).

November 8, 2023    The mortgage servicer filed a Notice of Mortgage Payment Change that provided that the monthly ongoing mortgage payment increased from $1,431.84 to $3,065.07 effective December 1, 2023. The mortgage servicer indicated that the latter amount included a monthly escrow component of $2,264.64. *The August 10, 2023 escrow analysis attached to the Notice provides that there was a negative $20,987.97 escrow balance that resulted in the monthly ongoing payment more than doubling.*

August 2, 2024    The mortgage servicer filed a Notice of Mortgage Payment Change that provided that the monthly ongoing mortgage payment decreased from $3,065.07 to $1,567.63 effective October 1, 2024. The mortgage servicer indicated that the latter amount included a monthly escrow component of $767.20.

August 7, 2024    The Trustee began making inquiries to the mortgage servicer's counsel attempting to obtain information about the substantially increased plan payment and the asserted negative escrow balance, but the mortgage servicer did not provide the requested information as requested.

August 28, 2024    The Trustee applied for an examination of the mortgage servicer under Fed. R. Bankr. 2004 (ECF No. 101).

August 29, 2024    The Court granted the Trustee's request for an examination of the mortgage servicer (ECF No. 103).

October 15, 2024    The mortgage servicer provided the Trustee with the final requested information regarding the escrow deficiency.

### III.    Loan Servicing Issues

The Trustee has concerns about the mortgage servicer's handling of this mortgage loan, including:

The mortgage servicer apparently paid a $21,125.31 lien on the property on October 26, 2022, but failed to file a Notice of Postpetition Mortgage Fees, Expenses, and Charges for that amount. The mortgage servicer filed notices for other expenses on December 14, 2017, May 3, 2018, August 20, 2019, September 14, 2020 and August 19, 2021, but the amounts included in those notices were far less than the $21,125.31 payment. It is unclear why the servicer would not file a notice for such a significant amount.

SUPPLEMENT TO TRUSTEE'S MOTION TO DISMISS CASE AND THE COURT'S LETTER RE: CONTINUANCE - 3

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 17-13311-CMA    Doc 107    Filed 11/13/24    Ent. 11/13/24 14:50:44    Pg. 3 of 5

1        Debtor's counsel withdrew from representation of the debtor on August 22, 2023. The mortgage servicer had paid the $21,125.31 lien ten months earlier, but did not file a significant notice of payment change until November 8, 2023. By that time, the debtor did not have counsel to represent him and he was already in the seventy-sixth month of an eighty-four month plan. By waiting an entire year to notify the Trustee and debtor of a doubled mortgage payment, the mortgage servicer deprived the debtor of a more meaningful opportunity to address the problem. The Trustee has done the best to assist the debtor in this difficult situation, but the debtor should have the advice of counsel.

       The mortgage servicer will undoubtedly assert that it had no obligation to file certain notices under Federal Rule of Bankruptcy Procedure 3002.1 because the property is not debtor's principal residence. Even if that is accurate, that would be an unfortunate and shortsighted answer. The debtor has paid a significant amount of funds to the Trustee so that the debtor could complete his plan and cure both this mortgage and his residential mortgage, yet the mortgage servicer negatively impacted the debtor's prospects of reorganization. It is also perplexing why the mortgage servicer would file five notices of postpetition fees for amounts under $1,000.00, yet not file such a notice for a $21,125.31 payment. The Trustee does not know if the debtor has remedies in nonbankrutpcy law, but most certainly the mortgage servicer has acted inequitably in the debtor's bankruptcy case.

       The mortgage servicer filed its proof of claim on October 11, 2017. The mortgage servicer filed notices of payment change on June 5, 2018, June 3, 2019, June 1, 2020, June 2, 2021 and on June 23, 2021, but then waited more than two years to file its next notice on November 8, 2023. That November 8, 2023 notice reflected that the debtor's mortgage payment had more than doubled due to the $21,125.31 payment. The mortgage servicer filed a subsequent notice on August 2, 2024. This chronology does not give one confidence in the servicing of this mortgage loan.

///

///

///

SUPPLEMENT TO TRUSTEE'S MOTION
TO DISMISS CASE AND THE COURT'S
LETTER RE: CONTINUANCE - 4

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 17-13311-CMA    Doc 107    Filed 11/13/24    Ent. 11/13/24 14:50:44    Pg. 4 of 5

WHEREFORE, the Chapter 13 Trustee requests that the Court order such relief as it deems appropriate under the circumstances.

Dated this 13th day of November 2024

*/s/ Jason Wilson-Aguilar*, WSBA #33582
Jason Wilson-Aguilar
Chapter 13 Trustee

SUPPLEMENT TO TRUSTEE'S MOTION TO DISMISS CASE AND THE COURT'S LETTER RE: CONTINUANCE - 5

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282